UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THE CATHOLIC BISHOP OF SPOKANE, a/k/a THE CATHOLIC DIOCESE OF SPOKANE, a Washington corporation sole,

Plaintiff,

v.

PAINE HAMBLEN, LLP, a Washington limited liability partnership f/k/a PAINE HAMBLEN, COFFINE, BROOKE & MILLER, LLP; GREGORY JOHN ARPIN, individually, and the martial community composed of GREGORY JON ARPIN and JANE DOE ARPIN, SHAUN McKEE CROSS, individually and the marital community composed of SHAUN McKEE CROSS and JANE DOE CROSS,

Defendants.

NO: 12-CV-0583-TOR

ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

//

BACKGROUND

On September 21, 2012, Plaintiff filed a lawsuit against Defendants in Spokane County Superior Court alleging claims of legal malpractice/negligence, and violations of the Rules of Professional Conduct, U.S.C. § 327, and Bankruptcy Rule 2014. ECF No. 1-1 at 10-11. The matter was removed to this Court on October 30, 2012. On February 20, 2013, the Supreme Court of the United States issued its decision in *Gunn v. Minton*, 133 S. Ct. 1059 (2013). Upon review of the holding in *Gunn*, the Court ordered the parties to show cause why this case should not be remanded back to the Spokane County Superior Court.

DISCUSSION

After reviewing the parties' responses to the order to show cause, the Court is satisfied that the Supreme Court decision in *Gunn* does not deprive the Court of jurisdiction over this matter. However, as aptly identified by Defendants, the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Barton* doctrine.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (limits on federal jurisdiction "must be neither disregarded nor evaded"); *see also U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002)("a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction").

Thus, it is presumed that a federal court lacks jurisdiction" unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A court may consider subject matter jurisdiction *sua sponte*. *United Investors Life Ins. Co. v. Waddell & Reed Inc*., 360 F.3d 960, 967 (9th Cir. 2004) (the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not).

The *Barton* doctrine, established by the Supreme Court over a century ago, provides that before suit can be brought against a court-appointed receiver, "leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 127 (1881). As applied in the Ninth Circuit, the Barton doctrine requires a party to "first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." [1] *In re Crown*

---

[1] The Ninth Circuit recognizes two exceptions to the *Barton* doctrine. First, *Barton* does not apply if the officer engages in conduct beyond his authority. *See Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1976). Second, a limited statutory exception exists if the officer is carrying on business connected with the property. *See* 29 U.S.C. § 959; *see also Crown Vantage, Inc.*, 421 F.3d at 971-72 ("[b]y its terms, this limited exception applies only if the trustee or other officer is actually

*Vantage, Inc*., 421 F.3d 963, 970 (9th Cir. 2005). The Court in *Barton* held that if leave of the court was not obtained, the other forum lacked subject matter jurisdiction over the suit. *Barton*, 104 U.S. at 127. As the Supreme Court explained, allowing the unauthorized suit to proceed "would have been a usurpation of the powers and duties which belonged exclusively to another court." *Id*. at 136 (reasoning that the court appointing the receiver has *in rem* subject matter jurisdiction over the receivership property).

Defendants contend that this Court lacks subject matter jurisdiction, and must dismiss the case, because Plaintiff did not obtain leave from the bankruptcy court to bring this action as required under *Barton*. ECF No. 10 at 19. Plaintiff does not attempt to persuade the Court as to whether *Barton* doctrine controls in this matter. Rather, it "take[s] the position" that assuming *Barton* applies, "this Court's initial grant of jurisdiction over the matter, coupled with its judicial imprimatur in remanding the matter to the Spokane County Superior Court would act as compliance with the *Barton* Doctrine." ECF No. 11 at 4. However, Plaintiff's reasoning is erroneous under the tenants of *Barton* as applied by the Ninth Circuit. Absent leave from the bankruptcy court, both state and federal district courts lack subject matter jurisdiction over this matter. *See Crown Vantage, Inc*., 421 F.3d

---

operating the business."). However, neither party raises these exceptions, and the Court finds they are not applicable here.

963, 970 (9th Cir. 2005); *see also In re Kashani*, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995)(leave to sue is required in state and federal courts, other than the bankruptcy court that actually approves the appointment).

The Court finds that *Barton* is applicable to this matter. The allegations in Plaintiff's Complaint arise directly from, and are based entirely on, Defendants' conduct as counsel for Plaintiff debtor in the underlying Chapter 11 proceeding. "It is well-settled that [a debtor's attorney] cannot be sued in state court without leave of the bankruptcy court for acts done in his official capacity and within his authority as an officer of the court." *In re Balboa Improvements, Ltd.*, 99 B.R. 966, 970 (Bankr. 9th Cir. 1989); *In re Jasmine Networks, Inc.*, No. 02-54815-MM, 2006 WL 3392062, at *2 (Bankr. N.D. Cal. 2006)(unreported)(*Barton* doctrine "extends beyond trustees to other persons appointed by the bankruptcy court, like debtors-in-possession and their court-approved counsel."); *Blixseth v. Brown*, 470 B.R. 562, 567 (D. Mont. 2012)(*Barton* doctrine applies to both "court-appointed" and "court-approved" officers). The retention of the Defendants as counsel for the Plaintiff was approved by the bankruptcy court. *See* ECF No. 1-1 at 6-7; *see also* 11 U.S.C. §§ 327, 1107 (attorneys who represent Chapter 11 debtors, as well as all fees paid to those attorneys, must be approved by the bankruptcy court).

It is undisputed that Plaintiff did not obtain leave of the bankruptcy court before initiating the instant action against Defendants for acts done in their official

capacity. *See Crown Vintage, Inc.*, 421 F.3d at 970. Thus, under the dictates of the *Barton* doctrine, this Court lacks subject matter jurisdiction over the claims in this suit.

**ACCORDINGLY, IT IS ORDERED:**

All claims and causes of action in this matter are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

The District Court Executive is directed to enter this Order, provide copies to counsel, and **CLOSE** the file.

**DATED** May 15, 2013.




Thomas O. Rice

THOMAS O. RICE
United States District Judge